THE defendant was indicted at the District Court of Fredericksburg, in May, 1803, for attempting to bribe a deputy sheriff, and by a corrupt offer of money to induce him to summon such persons on the jury, (which at a former court was to be summoned for the trial of the said defendant, on a felonious charge) as he the defendant should name and designate. The defendant was convicted, and fined by his jury 450 dollars. He moved to arrest the judgment, because the offence, charged in the indictment, was not an offence at common law, and bet ause it was not charged, that he offered any specific sum of money, or other thing to the said deputy sheriff. The district court overruled the motion, and gave judgment against him for the fine assessed by the jury, and committed him to the custody of the sheriff, until he should pay the fine and costs. At the next term of the court, to wit, iu October, 1803, the defendant prayed to be admitted to the benefit of the act made and provided tor the discharge of insolvent debtors. The district court in order finally to settle the point, adjourned to the general court this question: “ Whether one so committed, “ (as the defendant,) can discharge himself under the said “ act.” The general court, November 14, 1803, consist *139 ing of Judges Tyler, Jones, White and Carrington, decided “ that a person convicted for a misdemeanor, and “ committed to the custody of a gaoler, until he shall pay “ the fine adjudged against him, cannot discharge himself “ therefrom, under the act made and provided for the re- “ lief of insolvent debtors.”
Note. By an act passed December 28, 1803, persons imprisoned for fines, or amercements, may take the oath of insolvency, and be thereupon discharged. See 2d Rev. Code, p. 27, ch. 24.